**Mark Matthew JOHNSTONE,
Petitioner,**

v.

**The STATE of Texas, Respondent
(Two Cases).**

**Nos. 99–0446, 99–0463.**

Supreme Court of Texas.

March 9, 2000.

Scott Kevin Boates, Sherea A. McKenzie, Houston, for Petitioner in No. 99–0446.

Sherea A. McKenzie, Jeffrey D. Kyle, Houston, for Petitioner in No. 99–0463.

Lisa S. Rice, Michael R. Hull, John Cornyn, Austin, for Respondent in No. 99–0446.

Michael R. Hull, Michael P. Fleming, Houston, John Cornyn, Austin, for Respondent in No. 99–0463.

## PER CURIAM.

These consolidated cases present the question of whether a person appealing from a temporary mental health commitment order must comply with Texas Rule of Civil Procedure 324's motion-for-new-trial requirement to complain about factual insufficiency on appeal. The Texas Rules of Civil Procedure apply generally to mental health commitment proceedings. However, when a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government Code section 22.004. *See Kirkpatrick v. Hurst*, 484 S.W.2d 587, 589 (Tex.1972); *Few v. Charter Oak Fire Ins. Co.*, 463 S.W.2d 424, 425 (Tex.1971). Texas Health and Safety Code section 574.070 requires a proposed mental health patient to file notice of appeal ten days after the trial court signs the commitment order. We conclude that rule 324 and section 574.070 conflict. Therefore, we hold that Rule 324 does not apply in temporary mental health commitment proceedings. Accordingly, we reverse and remand to the court of appeals to review the factual sufficiency of the evidence.

Mark Matthew Johnstone appeals two separate temporary mental health commitment orders in which the trial court temporarily committed Johnstone to Rusk State Hospital for in-patient treatment not to exceed ninety days.[1] *See* TEX. HEALTH & SAFETY CODE § 574.034(g). Johnstone filed a motion for new trial after the first hearing, but did not file one after the second hearing. The court of appeals consolidated the appeals and held that a motion for new trial was required to preserve factual insufficiency error. 988 S.W.2d 950, 952. It also held that the motion for new trial that Johnstone filed in the first case did not preserve factual insufficiency error because it only complained of legal sufficiency. *Id.* at 953. As a result, the court of appeals held that Johnstone waived factual sufficiency error for both hearings.

---

1. Although Johnstone has already been released from his temporary commitments, his legal and factual sufficiency challenges are not moot. *See State v. Lodge*, 608 S.W.2d 910, 912 (Tex.1980) (collateral consequences exception to the mootness doctrine applies to temporary mental health commitment orders).

Section 574.070 of the Health & Safety Code governs appeals from orders requiring court-ordered mental health services. *See* Tex. Health & Safety Code § 574.070. Subsection (b) mandates that notice of appeal from an order requiring court-ordered mental health services must be filed not later than the 10th day after the trial court signs the order. *Id.* § 574.070(b). Subsection (c) provides that the clerk shall immediately send a certified transcript of the proceedings to the court of appeals once an appeal is filed. *Id.* § 574.070(c). Subsection (e) states that the "court of appeals and supreme court shall give an appeal under this section preference over all other cases and shall advance the appeal on the docket." *Id.* § 574.070(e). By enacting these provisions, the Legislature intended for appeals from commitment orders to proceed expeditiously because the orders result in confinement. *Id.* § 571.002(6) (one of the purposes of the Mental Health Code is to establish procedures for prompt and fair decisions); *see also Moss v. State*, 539 S.W.2d 936, 940 (Tex.Civ.App.—Dallas 1976, no writ) ("Expeditious disposition of such an appeal is appropriate in view of the deprivation of liberty involved and the fact that [hospitalization can only last] ninety days.").

Rule 324 provides that a motion for new trial is required to preserve factual insufficiency error. *See* Tex.R. Civ. P. 324(b)(2). A party has thirty days from the date the trial court signs the judgment to file a motion for new trial. *See* Tex.R. Civ. P. 329b(a). The trial court has seventy-five days from the date it signed the judgment to rule on the motion or it is overruled by operation of law. *See* Tex.R. Civ. P. 329b(c). Once the motion is ruled on, the trial court has thirty additional days of plenary jurisdiction. *See* Tex.R. Civ. P.

329b(e). When a party files a motion for new trial, notice of appeal need not be filed until ninety days after the trial court signs the judgment. *See* Tex.R.App. P. 26.1(a)(1).

The motion-for-new-trial requirement of our rules conflicts with section 574.070's terms and purpose. The appeals schedule the Legislature created does not contemplate the filing of a motion for new trial. In these types of cases, notice of appeal must be filed ten days after the trial court signs the order, *see* Tex. Health & Safety Code § 574.070(b), while under Rule 329b(a) a motion for new trial would not be due until thirty days after the trial court signs the judgment. It would frustrate the statutory purpose to require a complainant to file a motion for new trial after the deadline for perfecting an appeal has already passed. *See Moss v. State*, 539 S.W.2d 936, 941 (Tex.Civ.App.—Dallas 1976, no writ) (holding it would be contradictory to require a motion for new trial after the appeal is already perfected). In *Moss*, the court was interpreting the former version of section 574.070, which required notice of appeal to be filed five days after the order. The court rejected the argument that because the statute was silent on a motion for new trial, the statute did not affect that requirement. It reasoned that had the Legislature wanted a proposed patient to file a motion for new trial, it would have provided for notice of appeal to be filed after the motion for new trial.[2] *See id.* at 940. Because the statute did not allow time to dispose of a motion for new trial, the trial court held that a motion for new trial was not required. *See id.*

In addition, a motion for new trial serves no practical purpose once the appeal has

**2.** We note that two other courts of appeals have held that a person appealing from a temporary mental health commitment order does not have to file a motion for new trial. *See L.S. v. State*, 867 S.W.2d 838, 841 n. 2 (Tex.App.—Austin 1993, no writ); *In re P.W.*, 801 S.W.2d 1, 2 (Tex.App.—Fort Worth 1990, writ denied). These courts held that because temporary mental health commitments involve incarceration, factual sufficiency review should be conducted like it is in criminal cases, without preservation of error. *See L.S.*, 867 S.W.2d at 841 n. 2; *In re P.W.*, 801 S.W.2d at 2. Because we conclude that the rule and the statute conflict, we do not comment on the reasoning of these opinions.

already been perfected. Moreover, the statutory scheme supersedes the appellate timetable established by Rule 324 in conjunction with Rule 329b and Texas Rule of Appellate Procedure 26.1.

■ For these reasons, we conclude that a person appealing a temporary mental commitment order need not file a motion for new trial as a prerequisite to challenging the factual sufficiency of the evidence. Without hearing oral argument, we reverse and remand these cases to the court of appeals for review of the factual sufficiency of the evidence. *See* TEX.R.APP. P. 59.2.