Affirmed and Memorandum Opinion filed January 30, 2007








Affirmed and Memorandum Opinion filed January 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00709-CV

        14-06-00710-CV

_______________

 

IN THE INTEREST OF L.M.

                                                                                                                                               


On Appeal from the Probate Court

Galveston County, Texas

Trial Court Cause No. 2887 and 2887A

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

Appellant, L.M.,
appeals from an order of commitment for temporary inpatient mental-health
services and an order to administer psychoactive medication.  In three issues,
L. M. challenges the legal and factual sufficiency of the evidence to support
the trial court=s orders.  We affirm.  

I.  Background 








Appellant is a
sixty-six-year old, divorced woman.  On July 6, 2006, four or five weeks after
having a pacemaker installed, she was admitted to Clear Lake Regional Medical
Center for respiratory failure.  Her condition required intubation and
mechanical ventilation.  While there, her breathing improved but her mental
status deteriorated, and she experienced auditory hallucinations and aggressive
behavior.  On July 11, 2006, she was admitted to senior care at Mainland
Medical Center in Texas City.   On July 19, 2006, Dr. Altaf Loya filed a
request with the trial court seeking a commitment and medication hearing
regarding appellant.  Following the July 26, 2006, hearing the trial court
ordered that appellant be committed to Mainland Medical Center for inpatient
care not to exceed 90 days.[1]  Also on July 26,
2006, following a separate hearing, the trial court signed an order authorizing
Mainland Medical Center to administer to appellant the following classes of
psychoactive medication: antidepressants, antipsychotics,
anxiolytics/sedatives/hypnotics, and mood stabilizers.  Appellant appeals from
both orders.  

II.  Statutory Requirements for Commitment


Pursuant to the
Texas Mental Health Code, a trial court may order a person to receive
court-ordered temporary inpatient mental-health services if the State proves,
by clear and convincing evidence, that the proposed patient is mentally ill,
and as a result of that mental illness:

(A) is likely to cause serious harm
to himself;

(B) is likely to cause serious harm
to others; or 

(C) is:

(i) suffering severe and abnormal
mental, emotional, or physical distress; 

(ii) experiencing substantial
mental or physical deterioration of the proposed patient=s ability to function
independently, which is exhibited by the proposed patient=s inability, except for reasons of
indigence, to provide for the proposed patient=s basic needs, including food, clothing, health, or
safety; and 








(iii)    unable to make a rational
and informed decision as to whether or not to submit to treatment.  

Tex. Health & Safety Code Ann. ' 574.034(a)
(Vernon 2003).

The Mental Health
Code further provides:

To be clear and convincing . . .
the evidence must include expert testimony and, unless waived, evidence of a
recent overt act or a continuing pattern of behavior that tends to confirm:

(1) the likelihood of serious harm
to the proposed patient or others; or 

(2) the proposed patient=s distress and the deterioration of
the proposed patient=s ability to function.  

Tex. Health & Safety Code Ann. ' 574.034(d)
(Vernon 2003) (emphasis added).

The judge or jury
must specify which criterion under the Texas Health and Safety Code forms the
basis for the commitment order.  Tex.
Health & Safety Code Ann. ' 574.034(c) (Vernon
2003).  In addition, the overt act or continuing pattern of behavior Amust relate to the
criterion on which the judgment is based.@  See J.M. v.
State, 178 S.W.3d 185, 193 (Tex. App.CHouston [1st
Dist.] 2005, no pet.) (citing In re C.O., 65 S.W.3d 175, 181 (Tex. App.CTyler 2001, no
pet.)).  

In this case, the
trial court found appellant is mentally ill, and as a result of that mental
illness, the following two statutory criteria were satisfied: (1) appellant was
likely to cause serious harm to herself; and (2) appellant is suffering
severe and abnormal mental, emotional, or physical distress; substantial
deterioration of her ability to function independently; and is unable to make a
rational and informed decision about whether to submit to treatment.  See '
574.034(a)(2)(A),(C). 

III.  Legal and Factual Sufficiency

In three issues,
appellant challenges the legal and factual sufficiency of the evidence to
support the trial court=s orders for temporary mental health
services and to administer psychoactive medication.  








A.  Standard of Review 

Clear and
convincing evidence is Athat measure or degree of proof which will
produce in the mind of the trier of fact a firm belief or conviction as to the
truth of the allegations sought to be established.@  State v.
Addington, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam).  When the burden
of proof is heightened to a clear and convincing standard, the standard of
review for legal sufficiency of the evidence is also heightened.  City of
Keller v. Wilson, 168 S.W.3d 802, 817 (Tex. 2005).  We must consider all
evidence in the light most favorable to the finding to determine whether a
reasonable trier of fact could have formed a belief or conviction that its
findings were true.  In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).  We
must also assume that the fact-finder resolved disputed facts in favor of its
finding if a reasonable fact-finder could do so, and disregard all evidence
that a reasonable fact-finder could have disbelieved or found to be incredible.
Id. 

In reviewing the
evidence for factual sufficiency under the clear and convincing standard, we
inquire Awhether the
evidence is such that a fact-finder could reasonably form a firm belief or
conviction about the truth of the State=s allegations.@  In re C.H.,
89 S.W.3d 17, 25 (Tex. 2002).  We must give due consideration to evidence that
the fact-finder reasonably could have found to be clear and convincing.  Id. 
If, in light of the entire record, the disputed evidence that a reasonable
fact-finder could not have credited in favor of the finding is so significant
that a fact-finder could not reasonably have formed a firm belief or
conviction, then the evidence is factually insufficient.  In re J.F.C.,
96 S.W.3d at 264B65.

B.      Order for Temporary Mental-Health Services 








Appellant does not
challenge the finding that she is mentally ill, but contends the evidence is
legally and factually insufficient to support the finding that she meets either
of the two additional criteria necessary for court-ordered temporary
mental-health services.  Specifically, she contends the State failed to show a
recent overt act or continuing pattern of behavior that tends to confirm either
(1) the likelihood of serious harm to herself, or (2) her distress and the
deterioration of her ability to function.  See Tex. Health & Safety Code Ann. ' 574.034(d). 

At the hearing,
Dr. Atlaf Loya, testified as follows regarding appellant=s condition based
on her current hospitalization and his treatment of appellant during previous
hospitalizations.  Appellant has a schizoaffective disorder. She has a Along history@ of psychiatric
problems although she denies any such problems.  She arrives at the hospital
usually in a Adecompensated form,@ very paranoid,
very delusional, and psychotic.  The medical personnel are able to stabilize
her with medication.  However, as soon as she leaves, she does not take the
medications. She was taking her medication Aoff and on@ during her
current hospitalization.  For instance, she took all the medication the day
before the hearing but rejected the medication that same night and two days
before the hearing.[2] 
Further, she initially denied that she needed to take any medication.  She
agreed to take the medication only so that she could be discharged.  However,
Dr. Loya doubted she will take the medication after discharge. 

Dr. Loya also
explained that appellant=s mental illness affects her ability to
take care of herself physically by interfering with her multiple physical
medical conditions which are life-threatening and serious.  Significantly, he
opined that she constitutes a serious harm to herself because, when she does
not take her medication, Ait interferes with her overall care B physical as well
as psychiatric.  She ends up in the hospital with shortness of breath,
exhibition of C.H.F. [congestive heart failure] and all of the medical problems
to the form that she ends up in the I.C.U. [intensive care unit]. . . . That=s because of her
medical condition.  She=s dangerous because she won=t take her
medication.@ 








 Appellant
contends the evidence shows that she is suffering from mental illness, but that
it does not amount to a recent overt act or continuing pattern of behavior.  Texas
courts of appeals have recognized that evidence of mental illness alone does
not meet the clear and convincing standard requiring evidence of a recent overt
act or continuing pattern of behavior.  See Broussard v. State, 827
S.W.2d 619, 622 (Tex. App.CCorpus Christi 1992, no pet.) (holding
appellant=s continuing delusional behavior both before and
during hospitalization proved she suffered a mental illness but was not
sufficient to meet additional statutory standard); see also In re
K.D.C., 78 S.W.3d 543, 551 (Tex. App.CAmarillo 2002, no
pet.) (holding rapid pressure speech and religious ideations were only evidence
of patient=s mental illness and not sufficient to satisfy
additional statutory standard);  Johnstone v. State, 961 S.W.2d
385, 389, 90 (Tex. App.CHouston [1st Dist.] 1997, no writ)
(holding Airritable@ and Auncooperative@ behavior and
hostility towards staff was evidence regarding mental health only and did not
satisfy additional statutory requirements).  However, in this case, we find the
evidence shows more than mental illness alone and demonstrates a recent overt
act or continuing pattern of behavior confirming appellant is likely to harm
herself.  








Recently in In
re F.M., we held that refusal to take medication without more is not
evidence of an overt act or a continuing pattern of behavior tending to confirm
one of the relevant criterion for commitment under the Mental Health Code.  183
S.W.3d 489, 494 (Tex. App.CHouston [14th Dist.] 2005, no pet.).[3]  
In In re F.M., the patient refused to take psychiatric medication and
one radiation treatment for breast cancer.  Id. at 496B97.  We
found that this refusal was insufficient evidence of an overt act or continuing
pattern of behavior tending to show the likelihood of her causing serious harm
to herself.  Further, we found that her refusal was not evidence of a recent
overt act or continuing pattern of behavior tending to confirm her distress and
deterioration in her ability to function.  Id. at 499.  We noted
that there was no evidence of a Asubstantial
deterioration@ in her Aability to
function independently.@  Id.  The only evidence suggesting
that she was impeded in everyday functioning was her own complaints of insomnia
and urinary incontinence caused by her medication.  Id.  The evidence of
her delusional thoughts only confirmed that she was mentally ill, but they did
not rise to the level of an overt act or continuing pattern of behavior
necessary to support a commitment order.  Id.  

Here, we find more
exigent circumstances.  The evidence shows more than just the refusal to take
psycho tropic or cardiac medication.  In particular, Dr. Loya testified
appellant=s refusal to take her medications renders her a danger
to herself by causing her to neglect to take her health medications resulting
in symptoms of congestive heart failureCa life-threatening
illnessCand frequent 
hospitalization. Cf. Armstrong v. State, 190 S.W.3d 246, 253 (Tex. App.CHouston [1st
Dist.] 2006, no pet denied) (holding refusal of treatment for hypertension and
diabetes was not an overt act or continuing pattern of behavior because patient
did not refuse treatment for any Aemergent,
imminent, life-threatening illness@).  








We recognize that
questions of commitment can be fact-specific and that not all circumstances are
the same.  In this case, we find that the evidence satisfies the
clear-and-convincing standard because it reflects a continuing pattern of
behavior or recent overt act tending to confirm the likelihood of serious harm
to herself.  See Tex. Health
& Safety Code Ann. ' 574.034(d).  Accordingly, the evidence is
legally and factually sufficient to support the trial court=s order for
temporary mental-health services.  

C.  Order To Administer Psychoactive
Medication 

Appellant also
contends that the evidence is legally and factually insufficient to support the
trial court=s order to administer psychoactive medication.  A
trial court may issue an order authorizing the administration of psychoactive
medication only if the proposed patient is under a valid order for temporary or
involuntary mental health services.  Tex.
Health & Safety Code Ann. ' 574.106(a)(1)
(Vernon Supp. 2006).  Because we find the evidence legally and factually
sufficient to support the trial court=s order for
temporary mental-health services, we also find the evidence legally and
factually sufficient to support the order to administer psychoactive
medications.  See In re F.M., 183 S.W.3d 489, 500 (Tex. App.CHouston [14th
Dist.] 2005, no pet.) (citing K.T. v. State, 68 S.W.3d 887, 894 (Tex.
App.CHouston [1st
Dist.] 2002, no pet.)).  We overrule appellant=s three issues.   

Accordingly, we
affirm the trial court=s Order for Temporary Inpatient Mental
Health Services and the Order to Administer Psychoactive Medication. 

 

 

 

/s/      Charles W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion
filed January 30, 2007.

Panel consists of Chief Justice Hedges and
Justices Yates and Seymore.

 









[1]  Although the ninety-day period has expired, appellant=s challenge to the sufficiency of
the evidence to support her commitment is not moot because the collateral
consequences exception to the mootness doctrine applies to temporary commitment
orders.  See Johnstone v. State, 22 S.W.3d 408, 409 n.1 (Tex. 2000) (per
curiam); Armstrong v. State, 190 S.W.3d 246, 247 n.1 (Tex. App.CHouston [1st Dist.] 2006, no pet.)
(citing J.M. v. State, 178 S.W.3d 185, 188 (Tex. App.CHouston [1st Dist.] 2005, no
pet.)). 





Appellant asserts that Dr. Loya=s testimony regarding appellant=s behavior was inconsistent.  Appellant notes that Dr.
Loya testified that appellant posed harm to herself because she did not take
her medication, but later testified appellant was compliant in taking her
medication and became more and more compliant each day.  However, we have found
no such discrepancy.  





[3]  In In re F.M., we noted that several other
courts of appeals had also found that refusal to take medication was not an overt act or continuing pattern
of behavior sufficient to meet the clear and convincing standard under the
Mental Health Code. See J.M. v. State, 178 S.W.3d 185, 194 (Tex. App.CHouston [1st Dist.] 2005, no pet.
(holding that the refusal to take medication is not evidence of an overt act or
continuing pattern of behavior); In re Breeden, 4 S.W.3d 782, 789,90
(Tex. App.CSan Antonio  1999, no pet.)
(finding refusal to take psychiatric medication was not evidence of an overt
act under the third criterion, but not addressing whether the refusal to take
medication was evidence of an overt act under the first criterion); Broussard
v. State, 827 S.W.2d 619, 622 (Tex. App.CCorpus Christi 1992, no writ) (finding repeated refusal to
take psychiatric medication was evidence that patient could not make a rational
and informed decision regarding treatment, but was not evidence showing an
overt act or continuing pattern of behavior); In re B.S., No.
12-02-00217-CV, 2003 WL 21260028, at *5 (Tex. App.CTyler May 30, 2003, no pet.) (not
designated for publication) (finding patient=s refusal to take medication for hypertension was
not an overt act as contemplated by the Mental Health Code.)