Appellant=s Motion for Rehearing Overruled; Reversed and Rendered;
Opinion of December 7, 2006 Withdrawn and Substitute Opinion filed March 1,
2007








Appellant=s Motion for Rehearing Overruled; Reversed and
Rendered; Opinion of December 7, 2006 Withdrawn and Substitute Opinion filed
March 1, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00687-CV

____________

 

ROBERT LOUIS MARTIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd District
Court

Harris County, Texas

Trial Court Cause No.
877,816

 



 

S U B S T I T U T E   O P I N I O N

We overrule appellant=s motion for
rehearing.  Our opinion dated December 7, 2006  is withdrawn, and we issue this
substitute opinion. 








We are presented with  an accelerated appeal from an order
extending inpatient mental  health services for a period of one year. 
Appellant,  Robert Louis  Martin, was indicted for  aggravated assault after he
stabbed a cab driver multiple times in the chest and back with a knife. 
Following a bench trial on March  7, 2002,  the trial court found appellant not
guilty  by reason of insanity, and he was committed to the maximum security
unit at the North Texas State  Hospital.  The  trial court subsequently
extended appellant=s commitment order five  times.  See
Martin v. State, No.14‑04‑00689‑CV, 2005 WL 2787033, at
*1 (Tex. App.CHouston [14th Dist.] Oct. 27, 2005, no pet.) (mem.
op.).  The June 2005 extension forms the basis for this appeal.[1]  
In three  issues,  appellant contends (1) the  recommitment order is void because
it does not specify which statutory criteria formed the basis for recommitment,
(2) the evidence is legally insufficient to support the order, and (3)  the
evidence is factually  insufficient to support the order.  We limit our
discussion to appellant=s second issue because it is dispositive 

I. Applicable Statutory Provisions

Section 574.035 of the Mental Health Code is entitled, AOrder for Extended
Mental  Health Services.@ Tex.
Health & Safety Code Ann. ' 574.035 (Vernon
2003).  Under  574.035 subsection (a), the trial court may order extended
inpatient mental health services  if the trier of fact finds, by clear and
convincing evidence, that the proposed patient meets,  among other
requirements, the following criteria: 

(1) the proposed patient is mentally ill; and 

(2) as a result of that mental illness the proposed patient: 

(A) is likely to cause serious harm to himself; 








(B) is likely to cause serious harm to others; or

                   (C) is: 

(i)  suffering severe and  abnormal mental, emotional, or physical 
distress; 

(ii)  experiencing substantial mental  or  physical  deterioration of 
the proposed patient=s ability to  function 
independently,  which  is  exhibited  by  the  proposed  patient=s  inability,  except  for  reasons
of  indigence, to  provide for the proposed patient=s basic  needs,  including food, 
clothing,  health,  or  safety;  and 

(iii)  unable  to  make  a  rational  and  informed  decision  as  to 
whether or  not  to  submit to  treatment 

Tex.
Health & Safety Code Ann. ' 574.035(a).

Commitment proceedings concerning persons who have been
found not guilty by  reason of insanity are civil in nature.  Campbell v. 
State,  85 S.W.3d 176,  180 (Tex. 2002).  Former article  46.03  of the 
Texas Code of Criminal Procedure, applicable to this case, sets forth the
procedure for the insanity defense in criminal prosecutions, hearings, and
other  procedures relating to appellant=s acquittal by
reason of insanity.  See Act of May 25, 1983,  68th Leg., R.S., ch. 
454,  1983  Tex.  Gen.  Laws 2640, 2640B46  (repealed
2005) (current  version at Tex. Code
Crim. Proc. Ann. Art. 46C.261 (Vernon Supp. 2006)). Under former 
article 46.03 section 4(d)(5), recommitment hearings for persons found not
guilty by reason  of insanity must be Aconducted pursuant
to the provisions of the Mental Health Code.@ Id. 
Relative to the procedural requirements for  conducting recommitment hearings, 
former  article 46.03 refers only to the AMental Health
Code.@  Id.  The
statute does not specify  which sections or subsections are applicable to a
recommitment hearing. 








The State contends the trial court=s application of
the Mental Health Code is limited  by section 574.066, which provides, in part,
that a Acourt may not
renew an order unless the  court finds that the patient meets the criteria for
extended mental health services prescribed  by sections 574.035(a)(1), (2), and
(3).@  Tex. Health & Safety Code Ann. ' 574.066 (Vernon
2006).  Consequently,  the  State  further  contends section 574.035, 
subsection  (g)  does  not  apply  to  a  recommitment hearing conducted
pursuant to former article 46.03. Under subsection (g), the  trial Acourt may not make
its findings solely from  certificates of medical examination for mental 
illness  but  shall  hear testimony.@  Tex. Health & Safety Code Ann. ' 574.035(g)
(Vernon 2003). 

We disagree with the State=s proposed
construction of the Mental Health Code.  The  subsections that follow
574.035(a) complement and augment the trial court=s duties when 
determining whether a patient meets the criteria outlined in 574.035(a).  If
the trial court  determines that a patient meets the criteria under subsection
574.035(a), then it must specify  the criterion or criteria in subsection
574.035(a)(2) that form the basis for that decision.  See  Tex. Health & Safety Code Ann. ' 574.035(c)
(Vernon 2003).  To be Aclear and  convincing@ under subsection
574.035(a), the evidence also must include expert testimony  and evidence of a
recent overt act or a continuing pattern of behavior that tends to confirm  (1)
the likelihood of serious harm to the proposed patient or others, or (2)
proposed patient=s  distress and the deterioration of his
ability to function.  See Tex.
Health & Safety Code Ann. ' 574.035(e)
(Vernon 2003).  The  trial  court may  not  recommit  a patient  unless 
appropriate  findings  are  made  and  supported  by  testimony  taken  at 
the  hearing.  Tex. Health & Safety
Code Ann. ' 574.035(g).   The testimony must include
competent medical or psychiatric testimony.  Id. 








The Texas Supreme  Court  has  appropriately 
distinguished  statutory  requirements  for  commitment proceedings and  court‑ordered
mental health services from  recommitment  proceedings conducted pursuant to
former article 46.03 section 4(d)(5) of the Texas Code  of Criminal Procedure.  In
Campbell v.  State, the court addressed whether sections 574.009  and
574.011 (the requirement that two medical certificates be on file before a
commitment  hearing),[2]
apply to recommitment hearings conducted pursuant to former article 46.03.  85 
S.W.3d at 180.  The court focused on language in former article 46.03 which
prescribes that  the  hearing  be Aconducted pursuant
to  the  provisions  of  the  Mental  Health Code.@ Id. 
(citation omitted).  The court concluded that a hearing authorized under the
former article  46.03 section 4(d)(5) Amust comply with
those Mental Health provisions pertinent to  conducting commitment
hearings.@  Id. at 183 (emphasis in original). 
Consequently, the  court held that medical  certificates  described in 
sections  574.009  and  574.011  are  not required to be on file prior to a
hearing under the former  article  46.03  section 4(d)(5) because they were not
pertinent to conducting the commitment hearing.  Id. at 183. The court
explained that this requirement made sense in the context of civil commitment
because proceedings for court-ordered mental health services involve different
concerns and apply to a different class of individuals than proceedings
pursuant to former article 46.03 section 4(d)(5).  Id.  Former article
46.03 section 4(d)(5) applies to persons acquitted of a violent  crime by
reason of insanity who have been previously committed to a state mental
hospital, and the proceedings are brought to determine whether those persons
should be released from  their commitment. Id.  In contrast, civil
commitment proceedings brought under the Mental  Health  Code  apply  to 
individuals  who  have  not  been  afforded  the  added  protections 
associated with a proceeding that resulted in acquittal by reason of insanity. 
Id.  Therefore,  the  Texas  Supreme Court held  that  the 
prerequisite  of two  medical  certificates is  not  pertinent to conducting
the hearing pursuant to former article 46.03 section 4(d)(5). Id. 








In this case, the State asks us to  apply only those parts
of section 574.035 that section  574.066 expressly incorporates and completely
disregard the procedural and substantive  requirements in subsections such as
subsection (g).  However, following the Texas Supreme Court=s  Campbell
decision, this court has recognized that section 574.035 is pertinent to
conducting  a recommitment hearing pursuant to former article 46.03. Campbell
v. State, 118 S.W.3d 788,  802 (Tex. App.CHouston [14th
Dist.] 2003, no  pet.); see also Evans v. Campbell,  130  S.W.3d 472,
484 (Tex. App.CHouston [14th Dist.] 2004, pet. dism'd) (stating Aarticle 46.03 
section 4(d)(5) incorporates the requirements of section 574.035@). 

We note that in the area of statutory construction, the
doctrine of stare decisis has its  greatest force.  Tooke v. City of Mexia,
197 S.W.3d 325, 342 (Tex. 2006).  Therefore, we will  follow our court=s precedent that
section 574.035 is pertinent to conducting a recommitment  hearing.  Evans,
130 S.W.3d at 484; Campbell, 118 S.W. 3d at 802.  Moreover, under  the
rules of statutory construction, we must consider the statute as a whole rather
than its  isolated provisions.  Helena Chem. Co. v.  Wilkins, 47 S.W.3d
486, 493 (Tex. 2001) (citing Morrison  v.  Chan, 699 S.W.2d 205, 208
(Tex. 1985)). We should not give one provision a  meaning  out  of harmony  or 
inconsistent  with  other  provisions,  although  it  might  be  susceptible to
such a construction standing alone. Id. (citing Barr v. Bernhard,
562 S.W.2d  844,  849  (Tex.  1978)).  Accordingly,  we  hold that Mental 
Health  Code section  574.035, subsection (g) is applicable to recommitment
hearings under the former article 46.03 of the  Code of Criminal Procedure. 

II.  Certificates of Medical
Examination 

In his  second  issue,  appellant contends the  trial 
court=s order for 
recommitment  violates section 574.035(g), which requires  the trial  court's
findings  to be based on  evidence other than certificates of medical
examination for mental illness.  We agree. 

Section 574.035(g) provides, in part, that the trial court
may not make its findings  solely from certificates of medical examination for
mental illness but shall hear testimony.  Tex.
Health & Safety Code Ann. ' 574.035(g). The
reporter=s record from the
State=s  case‑in‑chief
at the recommitment hearing is less than one page.  The State offered no oral 
testimony.  The State offered only one exhibit which it described as follows: 

I offer State=s Exhibit No.1 which is the
Physician=s Certificate for mental 
examination and mental illness signed by David R. Baker, M.D. 








Furthermore, 
in  the  reporter=s record  of the  recommitment  hearing, 
the  court  reporter  certified that the trial court admitted into evidence an
attached four‑page State=s Exhibit No.1, Awhich comprises all
of the medical  evidence in said  [h]earing.@  Therefore, the
only  evidence the State introduced was a single, four‑page certificate
of medical examination for  mental illness. 

The  form  for  such  a  certificate  is  set  forth  by 
statute,  which  provides  that  the  certificate Amust include the
detailed reason for each of the examining physician=s opinions  under
[section 574.011].@  See Tex. Health & Safety Code Ann. ' 574.035(e).  To
fulfill these  statutory requirements, Dr. Baker states in the certificate that
the factual  basis  for  his  opinions  is Aset  forth  in 
detail  in  the  attached  Exhibit >A= which  is 
incorporated herein  by  reference  as  if fully  set  out  verbatim  herein.@  The attached
affidavit  is  labeled  Exhibit  A,  and  it  comprises  two  pages  of the 
State=s four‑paged 
Exhibit  No.1.  Therefore, the  incorporated  document was part of the 
medical  certificate.  It is not a distinct  document and has no independent
significance.  Although the State=s Exhibit No.1
contains  two  notarized signatures of Dr.  Baker, these dual  signatures do
not  transform this  single  exhibit into two separate documents.  Furthermore,
the State, the  trial court, and the court reporter all treated these four
pages as a single document and a single exhibit. The record and  the
unambiguous language of the State=s sole exhibit
show that the only evidence the State offered at the recommitment hearing was
one four‑page certificate of medical examination for mental illness. 








The Legislature specifically prohibited the trial court
from basing its findings solely  on certificates of medical examination for
mental illness. See Tex. Health
& Safety Code Ann. ' 574.035(g). Yet, the only evidence in the
record is a single certificate of medical  examination for mental illness.  The
court did not hear any expert testimony.  Therefore,  the  evidence is legally
insufficient to support the trial court=s order.  See
Whitaker v. State, Nos.  01‑03‑00576‑CV, 01‑03‑00577‑CV,
2003  WL 22413511, at *2 n.l (Tex. App.CHouston [1st
Dist.] Oct.  23, 2003, no pet.) (mem. op.) (stating, as to a second commitment
order for  a defendant who had been found incompetent to stand trial for
assault, trial court could not  make its findings under applicable section
574.035 based solely on certificates of medical  examination for mental
illness). We sustain appellant=s second issue. 

Accordingly,  we reverse the trial court=s order renewing
its prior order for inpatient  extended mental health services and render an
order denying the application for renewal of  the prior order for extended
mental health services. 

 

 

/s/          Charles W. Seymore

Justice

 

Judgment rendered and Opinion of
December 7, 2006 withdrawn and Substitute Opinion filed March 1, 2007.

Panel consists of Justices Hudson,
Frost and Seymore

 









[1]  In  April  2006,  the  trial  court  released  appellant 
from  inpatient  care  and  signed  an  order for  outpatient services. 
However,  under the  collateral consequences exception, this  appeal  is not 
moot.  See  Johnstone v. State, 22 S.W.3d 408, 409 n.l (Tex. 2000) (per
curiam) (applying mootness doctrine's collateral  consequences exception to
temporary mental health commitment orders); Campbell v. State, 68 S.W.3d
747, 753B54 (Tex. App.CHouston
[14th Dist.] 2001), aff=d 85 S.W.3d 176 (Tex. 2002). 
Furthermore, while  appellant is receiving the outpatient services, the
committing court will continue to have jurisdiction over appellant.  Act of May
25, 1983, 68th  Leg., R.S., ch. 454,  1983 Tex. Gen.  Laws 2640, 2646 (repealed
2005) (current  version at Tex. Code
Crim. Proc. Ann. Art. 46C.261 (Vernon Supp. 2006)).  If appellant fails
to comply  with  his required Aregime or if
[appellant=s] condition so deteriorate[s] that out‑patient
care  is no  longer  appropriate@
the director of the outpatient facility shall notify the  committing court and
appellant will be  brought to  the  committing court to  determine  by hearing
whether appellant should  be  remanded to  an  inpatient program.  Id. 





[2]  See Tex.
Health & Safety Code Ann. '
574.009 (Vernon 2003); Tex. Health &
Safety Code Ann. ' 574.011 (Vernon 2003).