NUMBER 13-05-559-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


KIRK WAYNE MCBRIDE, SR., Appellant,


v.


TEXAS BOARD OF PARDONS 

AND PAROLES, ET AL., Appellees. 

 


On appeal from the 156th District Court of Bee County, Texas.


 

 

MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza
 

 Appellant, Kirk Wayne McBride, Sr., is currently incarcerated at the McConnell Unit
of the Texas Department of Criminal Justice serving a ninety-nine year sentence. (1) Acting
pro se, he appeals from the trial court's May 31, 2005 order dismissing his claims without
prejudice, as frivolous, pursuant to chapter 14 of the Texas Civil Practice and Remedies
Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 2002). By one
issue, McBride contends that the trial court erred in overruling his motion for new trial. We
affirm.

I. Factual and Procedural Background


 McBride filed his original petition on March 5, 2005, complaining that his right to due
process under the 14th Amendment of the United States Constitution was violated by the
Texas Board of Pardons and Paroles (the "Board") during his parole review hearing. (2) U.S.
Const. amend. XIV. Proceeding pro se, McBride filed this lawsuit in forma pauperis. (3)
 On
April 11, 2005, the Board filed its original answer denying all of McBride's allegations and
demanded a jury trial. 

 The Board filed a motion to dismiss without prejudice pursuant to chapter 14 of the
Texas Civil Practice and Remedies Code on May 25, 2005. See Tex. Civ. Prac. & Rem.
Code Ann. §§ 14.001-.014. In its motion to dismiss, the Board alleged McBride failed to
provide an affidavit concerning previous filings and a certified copy of his trust account
statement. The Board further alleged that (1) the Board is entitled to sovereign immunity,
(2) McBride failed to state a cognizable claim pursuant to title 42, section 1983 of the
United States Code, (3) McBride does not have a constitutionally protected interest in
parole review procedures, and (4) all of McBride's claims brought under the Texas
Administrative Procedure Act are barred by a thirty-day statute of limitations. On May 31,
2005, the trial court, without a hearing, dismissed McBride's claims without prejudice, as
frivolous. (4)
 

 On June 24, 2005, McBride filed a motion for new trial with the trial court. In his
motion, McBride alleged that the trial court erred in dismissing his claims without allowing
him to "correct any defects that did not directly or indirectly effect [sic] the jurisdiction of the
Court over the parties and subject matter." In an attempt to correct such defects, McBride
attached a certified copy of his trust account statement and an unsworn affidavit detailing
prior lawsuits filed. McBride's affidavit, in particular, provides that he has filed twelve
different lawsuits. (5) 

 The record does not indicate that the trial court ruled on McBride's motion for a new
trial. The motion, therefore, was overruled by operation of law. Tex. R. Civ. P. 329b(c);
see Tex. R. App. P. 33.1(b) ("In a civil case, the overruling by operation of law of a motion
for new trial or a motion to modify the judgment preserves for appellate review a complaint
properly made in the motion, unless taking evidence was necessary to properly present the
complaint in the trial court."). On August 24, 2005, McBride filed a notice of appeal from
the order rendered by the trial court on May 31, 2005. Accompanying McBride's notice of
appeal was an affidavit of indigence. 

II. Standard of Review

 We review a dismissal of an inmate's lawsuit in forma pauperis under chapter 14
of the civil practice and remedies code for abuse of discretion. See Harrison v. Tex. Dep't
of Criminal Justice-Inst. Div., 164 S.W.3d 871, 874 (Tex. App.-Corpus Christi 2005, no
pet.); Thomas v. Knight, 52 S.W.3d 292, 294 (Tex. App.-Corpus Christi 2001, pet. denied).
Abuse of discretion is determined by examining whether the trial court acted without
reference to any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985); Thomas, 52 S.W.3d at 294-95. Where the trial court has
not specified the grounds for dismissal in its order, the order will be affirmed if any of the
theories advanced in the motion to dismiss supports the dismissal. Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989); Walker v. Gonzales County Sheriff's Dep't, 35 S.W.3d 157,
162 (Tex. App.-Corpus Christi 2000, pet. denied).

III. Analysis

 Inmate litigation (except suits brought under the family code) in which the inmate
files an affidavit or unsworn declaration of inability to pay costs is governed by the special
procedural rules set out in chapter 14 of the Texas Civil Practice and Remedies Code. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.001. The legislature enacted this statute to control
the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these
suits consume valuable judicial resources with little offsetting benefits. Hickson v. Moya,
926 S.W.2d 397, 399 (Tex. App.-Waco 1996, no writ). The rules set out in chapter 14 may
not be modified or repealed by the regular rules of civil procedure. Tex. Civ. Prac. & Rem.
Code Ann. § 14.014.

 The trial court has broad discretion to dismiss a lawsuit brought under chapter 14
as frivolous or malicious. Id. § 14.003(a)(2); Jackson v. Tex. Dep't of Criminal Justice-Inst.
Div., 28 S.W.3d 811, 813 (Tex. App.-Corpus Christi 2000, pet. denied); Lentworth v.
Trahan, 981 S.W.2d 720, 722 (Tex. App.-Houston [1st Dist.] 1998, no pet.). In
determining whether a claim is frivolous or malicious, the trial court may consider whether: 
(1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable
basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim;
or (4) the claim is substantially similar to a previous claim filed by the inmate because the
claim arises from the same operative facts. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b);
Jackson, 28 S.W.3d at 811.

 Furthermore, section 14.004 of the Texas Civil Practice and Remedies Code
provides that:

 (a) An inmate who files an affidavit or unsworn declaration of inability to pay
costs shall file a separate affidavit or declaration:


 (1) identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person was
an inmate at the time the suit was brought; and

 

 (2) describing each suit that was previously brought by:

 

 (A) stating the operative facts for which relief was sought;

 

 (B) listing the case name, cause number, and the court in
which the suit was brought;

 

 (C) identifying each party named in the suit; and

 

 (D) stating the result of the suit, including whether the suit was
dismissed as frivolous or malicious under Section 13.001 or
Section 14.003 or otherwise.

 

 (b) If the affidavit or unsworn declaration filed under this section states that
a previous suit was dismissed as frivolous or malicious, the affidavit or
unsworn declaration must state the date of the final order affirming the
dismissal.

 

 (c) The affidavit or unsworn declaration must be accompanied by the certified
copy of the trust account statement required by Section 14.006(f).


Tex. Civ. Prac. & Rem. Code Ann. § 14.004. 


 McBride timely filed his motion for new trial on June 24, 2005. See Tex. R. Civ. P.
329b. McBride attached to his motion a certified copy of his trust account statement and
an affidavit concerning his previous filings. However, no affidavit or unsworn declaration
and no certified copy of McBride's trust account statement were provided to the trial court
prior to McBride's motion for new trial. With respect to the affidavit, this Court has
previously held:

 

 when an inmate does not comply with the affidavit requirements of section
14.004, the trial court is entitled to assume the suit is substantially similar to
one previously filed by the inmate, and therefore, frivolous. Our holding
advances the purposes for which the Texas Legislature enacted the section
on inmate litigation and the special requirements in section 14.004.


Jackson, 28 S.W.3d at 814; see Samuels v. Strain, 11 S.W.3d 404, 406 (Tex.
App.-Houston [1st Dist.] 2000, no pet.); Bell v. Tex. Dep't of Criminal Justice-Inst. Div., 962
S.W.2d 156, 158 (Tex. App.-Houston [14th Dist.] 1998, pet. denied); Thomas v. Wichita
Gen. Hosp., 952 S.W.2d 936, 939 (Tex. App.-Fort Worth 1997, pet. denied); Hickson, 926
S.W.2d at 399 (trial court does not err when dismissing a suit under chapter 14 where the
inmate has filed no affidavit, or a defective one). Because McBride provided the affidavit
and certified copy of the trust fund account statement for the first time in his motion for new
trial, the trial court did not abuse its discretion in dismissing McBride's claims without
prejudice for failure to comport with chapter 14 of the civil practice and remedies code. 
See Tex. Civ. Prac. & Rem. Code Ann. § 14.004; see also Walker, 35 S.W.3d at 162;
Williams v. Brown, 22 S.W.3d 410, 412 (Tex. App.-Houston [1st Dist.] 2000, no pet.)
(dismissing an inmate's pro se lawsuit for failure to attach a certified copy of the inmate's
trust fund account statement). 

 With regard to his motion for new trial, McBride has not provided any relevant
authority to support his contention that the trial court erred in overruling his motion. See
Tex. R. App. P. 38.1(h). Nevertheless, we will review this contention. 

 The Texas Rules of Civil Procedure provide that a motion for new trial not
determined by written order signed within seventy-five days after the judgment was signed
is considered overruled by operation of law. Tex. R. Civ. P. 329b(c). No written order is
necessary where the motion is overruled by operation of law. See id.; see also
Combustion Eng'g, Inc. v. Vukich, No. 13-01-750-CV, 2002 Tex. App. LEXIS 8243, at *6
n.6 (Tex. App.-Corpus Christi Nov. 21, 2002, no pet.) (not designated for publication). We
review the entire record for abuse of discretion, when the trial court denies a motion for
new trial. See Pharo v. Chambers County, 922 S.W.2d 945, 947 (Tex. 1996); Dir. State
Employees Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994). In
determining whether an abuse of discretion has occurred, we view the evidence in a light
most favorable to the court's decision and indulge every legal presumption in favor of its
judgment. In re J.I.Z., 170 S.W.3d 881, 883 (Tex. App.-Corpus Christi 2005, no pet.). 
Based on our review of the entire record, we find no abuse of discretion. See Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (an abuse of discretion occurs
only when the trial court reaches a decision that is "so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law."). 

 Assuming, arguendo, that the trial court, in exercising its discretion, afforded
McBride an opportunity to cure the defects in his pleadings by accepting the unsworn
affidavit and certified copy of his trust account statement attached to his motion for new
trial, McBride's claims would still be subject to dismissal. Specifically, McBride's affidavit
chronicling the lawsuits he has filed does not comport with section 14.004(b). See Tex.
Civ. Prac. & Rem. Code Ann. § 14.004(b). For each case, McBride has listed the case
name, cause number, court, operative facts for relief, parties to the suit, and the result of
the suit. McBride indicated that several of the cases listed in his affidavit were dismissed
as frivolous or malicious. McBride, however, has failed to provide the trial court with the
date of the final order affirming the dismissals, as required by section 14.004(b). See id. 
 Therefore, because McBride still has not complied with the requirements of chapter
14 of the civil practice and remedies code, his claim is still subject to dismissal. (6) See id.;
see also Jackson, 28 S.W.3d at 814. As such, the trial court did not err in overruling
McBride's motion for new trial. See Pharo, 922 S.W.2d at 947; Evans, 889 S.W.2d at 268;
In re J.I.Z., 170 S.W.3d at 883. Accordingly, we overrule McBride's sole issue on appeal.

IV. Conclusion

 We affirm the judgment of the trial court. 



 __________________________ 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 21st day of February, 2008.


1. The record neither references the crime McBride was convicted of nor the date in which McBride
began serving his sentence.
2. Specifically, McBride takes issue with the following findings of the Texas Board of Prisons and
Pardons (the "Board"):


 1D. The record indicates that the inmate has repeatedly committed criminal episodes or has
a pattern of similar offenses that indicates a predisposition to commit criminal acts when
released; or the record indicates that the inmate is a leader or active participant in gang or
organized criminal activity; or the record indicates a juvenile or an adult arrest or investigation
for felony or misdemeanor offenses; and

 

 2D. The record indicates that the inmate committed one or more violent criminal acts
indicating a conscious disregard for the lives, safety, or property of others; the instant offense
or pattern of criminal activity has elements of brutality, violence, or conscious selection of
victim's vulnerability such that the inmate poses an undue threat to the public; the record
indicates use of a weapon.


McBride alleges that he was denied constitutionally protected due process rights by the Board because: (1)
the Board did not provide him with an opportunity for a hearing to prove his case; (2) the Board did not provide
him with adequate notice of his parole board interview; (3) the Board's decision was based upon an ad hoc
determination; (4) the Board did not provide him with access to an attorney; (5) the Board's findings are
unsupported by the record and are overly vague; and (6) the Board's findings are not supported by its own
guidelines and policies. 
3. In support of his intent to proceed in forma pauperis, McBride attached an "AFFIDAVIT OF
INABILITY TO PAY COSTS" to his original petition. No other affidavits were filed.

4. A trial court's decision on whether to hold a hearing is discretionary. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(c) (Vernon 2002).

5. Of the twelve lawsuits which McBride has filed, many have been dismissed as frivolous or malicious. 
McBride's affidavit reflects that two of his twelve filed lawsuits are pending and that he has been the losing
party in all of the remaining lawsuits filed. The majority of the lawsuits filed by McBride were against
governmental entities or government agents, including six lawsuits against the Texas Department of Criminal
Justice and one lawsuit against Sheriff Jack Bremer. The affidavit does not provide dates pertaining to the
lawsuits.
6. It is noteworthy that the trial court dismissed McBride's claims without prejudice. Dismissal with
prejudice constitutes adjudication on the merits and operates as if the case had been fully tried and decided. 
Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991). This means that orders dismissing cases with prejudice
have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of
action or issues between the same parties. Webb v. Jorns, 488 S.W.2d 407, 409 (Tex. 1972); Lentworth v.
Trahan, 981 S.W.2d 720, 722 (Tex. App.-Houston [1st Dist.] 1998, no pet.). However, it is improper to
dismiss an inmate's suit with prejudice when the inmate is proceeding in forma pauperis and was not first
provided with an opportunity to amend his pleadings. See Hughes v. Massey, 65 S.W.3d 743, 746 (Tex.
App.-Beaumont 2001, no pet); see also Lentworth, 981 S.W.2d at 722-23 (setting out procedural sanctions
supporting dismissal with prejudice, none of which are applicable here). Moreover, a dismissal for failure to
comport with the conditions set out in section 14.004 is not a dismissal on the merits, but rather an exercise
of the trial court's discretion under chapter 14 of the civil practice and remedies code. See Hickman v. Adams,
35 S.W.3d 120, 124 (Tex. App.-Houston [14th Dist.] 2000, no pet.).