**DISMISS and Opinion Filed June 1, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00423-CV
No. 05-15-00424-CV

## IN THE BEST INTEREST AND PROTECTION OF N.N.

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. MI-15-00087 & MED-15-80022**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Appellant appeals from orders requiring mental health services and the administration of psychoactive medication. In letters dated April 9, 2015 and April 10, 2015, the Court questioned its jurisdiction over these appeals because it appeared the notice of appeal was untimely. We instructed appellant to file a letter brief addressing our jurisdictional concern and gave appellee an opportunity to respond. Appellant filed letter briefs on April 10, 2015 and April 13, 2015. Appellee did not file a response.

A notice of appeal from orders compelling mental health services and the administration of psychoactive medication must be filed not later than the tenth day after the date the order is signed. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.070(b) (West 2010). The statute does not provide for extension of this period by filing a motion for new trial or to modify the judgment. *See Johnstone v. State*, 988 S.W.2d 950, 956 (Tex. App.—Houston [1st Dist.] 1999), *rev'd on*

*other grounds*, 22 S.W.3d 408 (Tex. 2000) (per curiam). Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

The trial court signed the order requiring mental health services on January 22, 2015 and a modified order on February 19, 2015. The trial court signed the order to administer psychoactive medication on January 22, 2015. Appellant's notice of appeal references all three orders. With regard to the January 22nd orders, the notice of appeal was due on Monday, February 2, 2015. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.070(b) (West 2010). With regard to the February 19, 2015 order, the notice of appeal was due on Monday, March 2, 2015. *See id*. Appellant filed his notice of appeal on April 1, 2015.

In his letter briefs, appellant contends this Court has jurisdiction pursuant to section 574.070(e) of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.070(e) (West 2010). Subsection (e) provides that "courts may suspend all rules relating to the time for filing briefs and docketing cases." *See id*. Appellant asks that the Court exercise its discretion due to the nature of this case which has the potential to be a landmark case. This Court cannot use a rule or statute related to clerical duties as a means of asserting jurisdiction over an appeal where jurisdiction has not been legally invoked. *See State v. Olson,* 360 S.W.2d 398, 400 (Tex. 1962), *overruled on other grounds by Jackson v. State,* 548 S.W.2d 685, 690 n. 1 (Tex. Crim. App. 1977); TEX. R. APP. P. 2.

Because appellant failed to timely file a notice of appeal as to the orders from which he is appealing, we dismiss the appeals for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

150423F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE BEST INTEREST AND
PROTECTION OF N.N.

No. 05-15-00423-CV

On Appeal from the Probate Court No. 3,
Dallas County, Texas.
Trial Court Cause No. MI-15-00087.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart,
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered June 1, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE BEST INTEREST AND
PROTECTION OF N.N.

No. 05-15-00424-CV

On Appeal from the Probate Court No. 3,
Dallas County, Texas.
Trial Court Cause No. MED-15-80022.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart,
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered June 1, 2015.