ACCEPTED
01-15-00784-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/13/2015 12:10:03 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00784-CV

## IN THE FIRST COURT OF APPEALS FOR HOUSTON TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/13/2015 12:10:03 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE INTEREST OF E.S.R.

On Appeal from the Probate Court No. 4, Harris County, Texas
Trial Court Cause No. I218340

## BRIEF FOR APPELLANT

Michael Scott Thomas
State Bar No. 19861200
Thomas & Williams, L.L.P.
2626 S. Loop West, Suite 561
Houston, Texas 77054
Telephone: (713) 665-8558
Facsimile: (713) 665-8562
Email: mstlawyer@aol.com

**ATTORNEYS FOR APPELLANT**

**ORAL ARGUMENT WAIVED**

# IDENTITY OF PARTIES AND COUNSEL

APPELLANT:    E.S.R.

COUNSEL:    Michael Scott Thomas
State Bar No. 19861200
THOMAS & WILLIAMS, L.L.P.
2626 S. Loop West, Suite 561
Houston, Texas 77054
Telephone: (713) 665-8558
Facsimile: (713) 665-8562
Email: mstlawyer@aol.com

APPELLEE:    Harris County

COUNSEL:    Keith Toler
State Bar No. 24088541
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 7702
Telephone: (713) 274-5265
Facsimile: (713) 755-8924
Email: Keith.Toler@cao.hctx.net

JUDGE:    The Honorable Christine Butts
Probate Court No. 4, Harris County, Texas

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................................. ii

Table of Contents ................................................................................................. iii

Index of Authorities ............................................................................................. iv

Statement of the Case............................................................................................. 1

Issues Presented ................................................................................................... 2

Statement of Facts ............................................................................................ 2-6

Summary of Argument ...................................................................................... 6-7

Argument............................................................................................................. 7

I.    The Evidence is Legally and Factually Insufficient to Support the
Trial Court's Order of Involuntary Commitment............................................ 7

    A.    Standard of Review. .................................................................... 7-8

    B.    Involuntary Commitment. .......................................................... 8-10

    C.    Mental Illness ................................................................................. 11

    D.    Harm to Others ......................................................................... 11-13

    E.    Experiencing Substantial Mental or Physical Deterioration .............. 13-15

II.    The Evidence is Legally Insufficient to Support the Trial Court's
Order to Administer Psychoactive Medication. ........................................... 15

    A.    Standard of Review. .......................................................................... 15

    B.    Psychoactive Medication Order. ...................................................... 15-16

Conclusion and Prayer ....................................................................................... 16

Certificate of Compliance .................................................................................... 16

Certificate of Service .......................................................................................... 17

# INDEX OF AUTHORITIES

## Cases

*Armstrong v. State*, 190 S.W.3d 246 (Tex. App.--Houston [1st Dist.] 2006, no pet.) ...............................................................................................14

*In re C.O.*, 65 S.W.3d 175 (Tex. App.--Tyler 2001, no pet.) ...................................13

*In re F.M.*, 183 S.W.3d 489 (Tex.App.-- Houston [14th Dist.] 2005, no pet.) ........14

*Johnstone v. State*, 22 S.W.3d 408 (Tex. 2000) ......................................................9

*J.M. v. The State of Texas*, 178 S.W.3d 185 (Tex.App.--Houston [1st Dist.] 2005, no pet.) ...................................................................................7-8, 12-13, 15

*K.E.W. v. State*, 315 S.W.3d 16 (Tex. 2010) ..........................................................10

*K.T. v. State*, 68 S.W.3d 887 (Tex.App.--Houston [1st Dist.] 2002, no pet.)...........16

*M.S. v. State*, 137 S.W.3d 131 (Tex.App.--Houston [1st Dist.] 2004, no pet.) ........11

*Mezick v. State*, 920 S.W.2d 427 (Tex.App.--Houston [1st Dist.] 1996, no writ)........................................................................................................12

*State v. Addington*, 588 S.W.2d 569 (Tex. 1979) ..................................................... 7

*State v. Lodge*, 608 S.W.2d 910 (Tex. 1980)............................................................8

*State ex rel E.R.*, 287 S.W.3d 297 (Tex.App.--Texarkana 2013, no pet.) ... 12-13, 15

*T. G. v. State,* 7 S.W.3d 248 (Tex. App.--Dallas 1999, no pet.)....................... 10, 13

## Statutes

Tex. Health & Safety Code § 574.034(a) ........................................2, 7, 8, 9-11, 14

Tex. Health & Safety Code § 574.034(d) .................................................. 8, 10, 14

Tex. Health & Safety Code § 574.106(a)(1)………………………………….2, 15

**No. 01-15-00784-CV**

**IN THE FIRST COURT OF APPEALS FOR
HOUSTON TEXAS**

---

**IN THE INTEREST OF E.S.R.**

---

.

On Appeal from the Probate Court No. 4, Harris County, Texas
Trial Court Cause No. I218340

.

---

**BRIEF FOR APPELLANT**

---

TO THE HONORABLE FIRST COURT OF APPEALS:

COMES NOW Michael Scott Thomas, Attorney for Appellant E.S.R., and files this Brief for Appellant. The Clerk's Record will be referred to as CR, the Supplemental Clerk's Record will be referred to as Supp. CR, and the Reporter's Record will be Referred to as RR.

## STATEMENT OF THE CASE

This is an appeal from an involuntary mental health commitment (order for temporary inpatient mental health services)(CR 27) and from an order to administer psychoactive medications (CR 26). These lower court orders were entered on September 3, 2015.

## ISSUES PRESENTED

1. Whether the evidence is legally and factually insufficient to support the trial court's order for temporary involuntary mental health services in violation of Texas Health & Safety Code Section 574.034 ?

2. Whether the evidence is legally and factually insufficient to support the trial court's order for psychoactive medication in violation of Texas Health & Safety Code Section 574.106?

## STATEMENT OF FACTS

Appellant is a 59 year old male (CR 8). On or about August 25, 2015, Appellant's father completed a sworn Application for Temporary Mental Health Services (CR 8), an Affidavit of Applicant, wherein he alleged that Appellant had made a verbal threat to kill his parents (CR 10), and Application for Emergency Detention (CR 14). An Order of Emergency Apprehension and Detention was signed on August 25, 2015 (CR 13), as well as an Emergency Apprehension and Detention Warrant that issued on August 25, 2015, which was received, executed and the Officer's Return filed on that same date (CR 12).

On August 26, 2015, E.S.R. was examined at Methodist Hospital in Houston, Texas by a Dr. Ashley Smith, M.D. The Certificate of Medical Examination from Dr. Smith states E.S.R. was examined on August 26, 2015, with an Axis I diagnosis of "unspecified, psychosis" (CR 15). Dr. Smith writes that E.S.R. was mentally ill and met all three requirements for involuntary commitment and that he was likely to cause harm to himself, likely to cause harm to others, or is

suffering from severe and abnormal mental, emotional or physical distress (CR 15).

Finally, Dr. Smith wrote that E.S.R. committed the following overt acts:

1. Patient has attempted to get gun and threatened to kill his parents
2. Patient owns gun and threatened to use it to kill parents
3. Patient is uncooperative with poor insight and judgment
4. Patient is likely to deteriorate further w/o treatment and hospitalization

*Id.*

E.S.R. was also examined by Dr. Alric D. Hawkins, M.D. on August 26, 2015. The Certificate of Medical Examination from Dr. Hawkins states E.S.R. was examined on August 26, 2015, with an Axis I diagnosis of "schizophrenia" (CR 9). Dr. Hawkins writes that E.S.R. was mentally ill and met two of the three requirements for involuntary commitment and that he was likely to cause harm to others, or is suffering from severe and abnormal mental, emotional or physical distress. *Id.*

Finally, Dr. Hawkins wrote that E.S.R. committed the following overt acts:

1. Patient has threatened to kill parents
2. Also, has threatened to kill his parents

*Id.*

An Order for Protective Custody and Notice of Hearing ("OPC") was entered on Thursday, August 27, 2015, and was received, executed and the Officer's Return filed on the same date (CR 16). The OPC set a probable cause

hearing on Monday, August 31, 2015. The probable cause hearing was held on August 31, 2015, wherein the Hearing Officer found that there was probable cause that E.S.R. presented a substantial risk of serious harm to himself or to others (CR 18). On August 26, 2015, Dr. Alric Hawkins filed a Petition for Order to Administer Psychoactive Medication (CR 19-20).

Aside from Appellant, Dr. Alric Hawkins was the only person to testify at the involuntary commitment hearing held on September 3, 2015. At the commitment hearing, Dr. Hawkins testified that he had been working with E.S.R. for just over a week (RR Vol. 1, pp. 6:8-10). Dr. Hawkins further testified that E.S.R.'s diagnosis for his present medical condition was either schizophrenia or schizoaffective disorder (RR Vol. 1, pp. 6:16-23). Dr. Hawkins testified that E.S.R.'s behaviors were disorganized and outside the norm; that he was suffering from paranoid delusions; that per his family, he's concerned that folks are shooting from him (sic); that the family became concerned after he requested a firearm (RR Vol. 1, pp. 7:15-25; pp. 8:1-6); that E.S.R. typically pleads the Fifth and refuses to cooperate (RR Vol. 1, pp. 8:10-22); that E.S.R. has refused the medication and some of the work (RR Vol. 1, pp. 9:13-16); that in the hospital, E.S.R. is pretty irritable, agitated, very argumentative (RR Vol. 1, pp. 9:17-23); that without further treatment or intervention, E.S.R. is likely to cause serious harm either to himself or to others (RR Vol. 1, pp. 10:13-18); and that Dr. Hawkins' "primary

concern" was "harm to others" and "ability to care of himself" (RR Vol. 1, pp. 10:19-25).

Dr. Hawkins also testified that E.S.R. will experience substantial mental and physical deterioration without treatment; that E.S.R. would not be able to make decisions regarding his health and safety; and that E.S.R. would not be able to make rational and informed decisions as to whether to commit to treatment (RR Vol. 1, pp. 6:6-14). The trial court found that E.S.R. was mentally ill; furthermore, the trial court found by clear and convincing evidence that as a result of mental illness, E.S.R. met the second and third criteria for commitment:

is likely to cause serious harm to others;

is suffering severe and abnormal mental, emotional or physical distress;

is experiencing substantial mental or physical deterioration of [her] ability to function independently, which is exhibited by the proposed patient's inability, except for reasons of indigence, to provide for [her] basic needs; including food, clothing, health or safety; and
is not able to make rational and informed decisions as to whether to submit to treatment.

(CR 27; RR Vol. 1, pp. 23:2-10).

The trial court then immediately started the medication hearing (RR Vol. 1, pp. 23:11-15). At the medication hearing, Dr. Hawkins again testified that he was still trying to "figure out" whether E.S.R.'s diagnosis was schizophrenia or schizoaffective disorder (RR, Vol. 1, pp. 23:19-23); that E.S.R. lacked the capacity to make decisions regarding medication (RR Vol. 1, pp. 24:16-19); that without

medication, E.S.R.'s prognosis would be poor (RR Vol. 1, pp. 24:20-24); and that there were no less restrictive alternatives (RR Vol. 1, pp. 24: 25; pp. 25:1-6).

Dr. Hawkins admitted on cross-examination that he was not aware if E.S.R. had been on medication in the past, or what the potential results would be based on E.S.R.'s past history (RR Vol. 1, pp. 12:11-22). Dr. Hawkins further admitted on cross-examination that if E.S.R. did have an untreated seizure disorder, it could affect both his medical and psychiatric condition (RR Vol. 1, pp. 25:18-25). The trial court found that it would be in E.S.R.'s best interest to be treated with psychoactive medications, and that E.S.R. was incapable of making his own medical decisions (CR 26; Vo. 1, pp. 32:10-17).

E.S.R. filed his notice of appeal (CR 6) and affidavit of indigence and inability to pay costs (CR 33) on September 8, 2015. On September 14, 2015, the trial court signed an order discharging Teresa Scardino as Attorney Ad Litem for E.S.R., and appointing Michael Scott Thomas as Attorney Ad Litem for E.S.R. (Supp. CR 6-7).

## SUMMARY OF ARGUMENT

The State's evidence at trial in support of court-ordered temporary and involuntary mental health services is insufficient. The expert witness had little knowledge of the facts attendant to the application for involuntary commitment. Dr. Hawkins testimony did not state sufficient facts of an overt act or continuing

pattern of behavior sufficient to support a finding of clear and convincing evidence.

Because the evidence is legally insufficient to support the involuntary commitment order, the evidence is likewise insufficient to support the order to administer psychoactive medication.

Based on the foregoing, E.S.R. requests that the judgment of the trial court be reversed in its entirety.

## ARGUMENT AND AUTHORITIES

**I.     The evidence is legally and factually insufficient to support the trial court's order of involuntary commitment.**

**A.     Standard of Review.**

Clear and convincing evidence is that "degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979)(per curiam).

The standard of review for legal sufficiency or factual sufficiency when the burden of proof is clear and convincing case is a heightened standard. *J.M. v. The State of Texas*, 178 S.W.3d 185, 191-192 (Tex.App.--Houston [1st Dist.] 2005, no pet.). The State of Texas is required to prove at least one of the prongs of Health & Safety 574.034(a) by clear and convincing evidence.

In a legal sufficiency review, a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfider resolved disputed facts in favor of its finding if a reasonable factfinder could have done so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. This does not mean that a court must disregard all evidence that does not support the finding. Disregarding undisputed facts that do support the finding could skew the analysis of whether there is clear and convincing evidence. If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven true, then that court must conclude that the evidence is legally insufficient.

*Id.*

The standard of review for factual sufficiency is also a heightened one:

In reviewing the evidence for factual sufficiency under the clear and convincing standard, we inquire "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about truth of the State's allegations. In doing so, we must give due consideration to evidence that the factfinder reasonably could have fond to be clear and convincing. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*Id.*

### B. Involuntary Commitment.

Appeals of orders for involuntary commitment do not violate the

mootness doctrine. Tex. Health & Safety Code § 574.034(d); *State v.*

*Lodge*, 608 S.W.2d 910, 912 (Tex. 1980). In cases such as these tried before

the court, a motion for new trial is not necessary to preserve a actual sufficiency challenge in an appeal of a temporary involuntary commitment order. ***Johnstone v. State***, 22 SW.3d 408, 411 (Tex. 2000)(per curiam).

The State must establish by clear and convincing evidence the following to support an order of temporary involuntary mental health services:

> ORDER FOR TEMPORAR MENTAL HEALTH SERVICES. (a) The judge may order a proposed patient to receive court-ordered temporary inpatient mental health services only if the judge or jury finds, from clear and convincing evidence, that:
>
> > (1) the proposed patient is mentally ill; and
> >
> > (2) as a result of that mental illness the proposed patient:
> >
> > > (A)   is likely to cause serious harm to himself;
> > >
> > > (B)   is likely to cause serious harm to others; or
> > >
> > > (C)   is:
> > >
> > > > (i)   suffering severe and abnormal, mental, emotional or physical distress;
> > > >
> > > > (ii)   experiencing substantial mental or physical deterioration of the proposed patient's ability to function independently, which is exhibited by the proposed patient's inability, except for reasons of indigence, to provide for the proposed basic needs, including food, clothing' health, or safety; and
> > > >
> > > > (iii)   unable to make a rational and informed decision as to whether or not to submit to treatment.

Tex. Health & Safety Code § 574.034(a).

The State's proof must include expert testimony. Tex. Health &

Safety Code § 574.034(d). Further, unless waivd by the proposed patient, the

State must introduce evidence of a recent overt at or a continuing pattern of

behavior that tends to confirm either (1) the likelihood of a serious harm to

the proposed patient or others, or (2) the proposed patient's distress and

deterioration of the proposed patient's ability to function. *Id.* The expert

opinion must be supported by a showing of its factual basis, and the

identified overt act or continuing pattern of  behavior must be related to the

criteria on which the judgment is based.  *T.G. v. State*, 7 S.W.3d 248, 252

(Tex.App.--Dallas 1999, no pet.). "[A]  proposed patient's words are overt

acts within the meaning of Section 574.034(d)." *K.E.W. v. State*, 315

S.W.3d 16, 22 (Tex. 2010). The Supreme Court has summarized the State's

burden in these cases:

> The statute requires evidence of a recent act by the proposed patient, either
> physical or verbal, that can be objectively perceived and that is to some
> degree probative of a finding that serious harm to others is probable if the
> person is not treated. The overt act itself need not be of such character that it
> alone would support a finding of probable serious harm to others.

*Id.* at 24.

## C.    Mental Illness.

The trial court found that E.R.S. was mentally ill (CR 27). E.S.R. does not contest that finding; however, an expert diagnosis of mental illness, standing alone, is not sufficient to confine a patient for treatment. *M.S. v. State*, 137 S.W.3d 131, 136 (Tex.App.--Houston [1st Dist.] 2004, no pet.).

## D.    Harm to Others.

The trial court found that the State had shown by clear and convincing evidence, two of three criteria of Section 574.034(a)(2)(B)-(C)(CR 27). The overt act or continuing pattern of behavior must relate to the criterion on which the judgment is based. Appellant maintains that those two findings are in error.

The initial medical examination dated August 26, 2015, by Dr. Hawkins that accompanied the application for temporary services list the following alleged overt acts:

1.    Patient has threatened to kill parents
2.    Also, has threatened to kill his parents

(CR 9).

At the commitment hearing, Dr. Hawkins testified that he had been working with E.S.R. for just over a week (RR Vol. 1, pp. 6, 8-10). Dr. Hawkins further testified that E.S.R.'s diagnosis for his present medical condition was either schizophrenia or schizoaffective disorder (RR Vol. 1, pp. 6:16-23). Dr. Hawkins

explained neither of his alternate diagnosis, and was never asked to do so by the State, E.S.R.'s attorney, or the trial court. Expert diagnosis of mental illness alone is not sufficient to confine a patient. ***Mezick v. State***, 920 S.W.2d 427, 430 (Tex.App.--Houston [1st Dist.] 1996, no writ).

Dr. Hawkins testified that per his family, E.S.R. is concerned that folks are shooting from him (sic); that the family became concerned after he requested they bring a firearm (RR Vol. 1, pp. 7:15-25; pp. 8:1-6); that Dr. Hawkins' "primary concern" was "harm to others" and "ability to care of himself" (RR Vol. 1, pp. 10:19-25); and that without further treatment or intervention, that E.S.R. is likely to cause serious harm either to himself or to others (RR Vol. 1, pp. 10:13-18).

"[A] threat of harm to the patient ***or others*** (emphasis ours) must be substantial and based on actual dangerous behavior manifested by some overt act or threats in the recent past." ***J.M.***, 178 S.W.3d a 193. Evidence that E.S.R. "might" cause harm to others is insufficient. ***State ex rel E.R.***, 287 S.W.3d 297, 305 (Tex.App.--Texarkana 2009, no pet). There was no testimony from Dr. Hawkins as to the date that E.S.R. allegedly threatened his family. There was no testimony from Dr. Hawkins that E.S.R. owned a gun or had a gun in his possession, custody or control. In point of fact, E.S.R. denies threatening to harm his parents (RR Vol. 1, pp. 14:12-14). In sum, there was no testimony from Dr. Hawkins regarding overt acts sufficient to support an involuntary commitment.

Dr. Hawkins further testified that E.S.R. typically pleads the Fifth and refuses to cooperate (RR Vol. 1, pp. 8:10-22); and that in the hospital, E.S.R. is pretty irritable, agitated, very argumentative (RR Vol. 1, pp. 9:17-23).

### E.     Experiencing Substantial Mental or Physical Deterioration.

For evidence to meet the clear and convincing standard, it must show a recent overt act or a continuing pattern of behavior that tends to confirm E.S.R.'s distress and deterioration of E.S.R.'s ability to function. ***The State of Texas for the Best Interest and Protection of E.R.***, 287 S.W.3d at 305. Dr. Hawkins testified that E.S.R. will experience substantial mental and physical deterioration without treatment, that E.S.R. would not be able to make decisions regarding his health and safety, and that E.S.R. would not be able to make rational and informed decisions as to whether to commit to treatment (RR Vol. 1, pp. 11:6-14).

Dr. Hawkins testified that E.S.R.'s behaviors were disorganized and outside the norm; and that he was suffering from paranoid delusions (RR Vol. 1, pp. 7:15-25; pp. 8: 7-9). Evidence of psychosis or delusions merely confirms that a patient is mentally ill. It does not rise to the level of an overt act or continuing pattern of behavior necessary to support a commitment order. ***J.M.***, 178 S.W.3d at 196, citing ***In re C.O.***, 65 S.W.3d 175, 181-182 (Tex.App.--Tyler 2001, no pet.); ***T.G.***, 7 S.W.3d at 250-252.

- 13 -

Dr. Hawkins testified that E.S.R has refused medication and some of the work (RR Vol. 1, pp.9:13-16; however, Dr. Hawkins admitted on cross-examination that he was not aware if E.S.R. had be on medication in the past, or what the potential results would be based on E.S.R.'s past history (RR Vol. 1, pp. 12:11-22). Appellant argues that Dr. Hawkins' testimony is not legally or factually sufficient to establish that E.S.R.'s refusal of medication is an overt act or continuing pattern of behavior tending to confirm E.S.R.'s distress or a deterioration of the ability to function. ***Armstrong v. State***, 190 S.W.3d 246, 252-254 (Tex.App.--Houston [1st Dist.] 2006, no pet.)(refusal to take medications for medical condition); ***In re F.M.***, 183 S.W.3d at 499(a preponderance of Texas authority holding a patient's refusal to take medication is insufficient evidence of a recent overt act or continuing pattern of behavior). Appellant argues that evidence of deterioration in the future does not establish an overt act or a continuing pattern of behavior. ***Armstrong***, 190 S.W.3d at 252-253 (evidence showed only that patient was beginning to deteriorate, not that she was currently experiencing substantial deterioration of her ability to function independently). Expert opinions must be supported by a showing of the factual bases on which they are grounded and not simply recite the statutory criteria. ***In re F.M.***, 183 S.W.3d at 499. Dr. Hawkins' opinion did little more that testify to the conclusions required by Sections 574.034(a) and (d).

In sum, there was no testimony from Dr. Hawkins regarding any overt act or a continuing pattern of behavior that E.S.R.'s ability to function independently would continue to deteriorate or any evidence of E.S.R.'s ability to function on a day-to-day basis. *E.R.*, 287 S.W.3d at 306; *J.M.*, 178 S.W.3d at 193.

## II. The evidence is legally insufficient to support the trial court's order to administer psychoactive medication.

### A. Standard of Review.

Appellant incorporates by reference all authorities cited in Paragraph II.A of this Brief.

### B. Psychoactive Medication Order.

The trial court found by clear and convincing evidence that E.S.R. lacked capacity to make a decision regarding administration of medication and that it was in E.S.R.'s best interest that medication be ordered (CR 26). A trial court may issue an order authorizing the administration of psychoactive medication only if the proposed patient is under a valid order for temporary or involuntary mental health services. Tex. Health & Safety Code Ann. Section 574.106(a)(1).

Appellant incorporates by reference all averment of facts and authorities cited in Paragraph II.B-E of this Brief. Based on the above and foregoing, Appellant argues that because the evidence is legally insufficient to support the trial court's order of temporary commitment, the evidence is also legally

insufficient to support the order to administer psychoactive medication. ***K.T. v. State***, 68 S.W.3d 887, 894 (Tex.App.--Houston [1st Dist.] 2002, no pet.).

**CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests that the order of the Probate Court No. 4 for temporary mental health services, and the dependent order for the administration of psychoactive medication, be reversed, rendered, and set aside, and for such other and further relief to which Appellant may show himself justly entitled.

Respectfully submitted,

/s/ Michael Scott Thomas
**MICHAEL SCOTT THOMAS**
State Bar No. 19861200
THOMAS & WILLIAMS, L.L.P.
2626 S. Loop West, Suite 561
Houston, Texas 77054
Telephone: (713) 665-8558
Facsimile: (713) 665-8562
Email: mstlawyer@aol.com

**ATTORNEYS FOR APPELLANT**

**CERTIFICATE OF COMPLIANCE**

I certify that pursuant to Tex.R.App.P. 9.4(i)(3), this document contains 4,080 words.

/s/ Michael Scott Thomas
**MICHAEL SCOTT THOMAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellant's Brief was served via email at <u>Keith.Toler@cao.hctx.net</u> to Mr. Keith A. Toler, Assistant County Attorney, 1019 Congress, 15th Floor, Houston, Texas 77002 on the 16th day of November, 2016.

/s/ Michael Scott Thomas
**MICHAEL SCOTT THOMAS**